IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DON TROIANI**<br>464 Burr Road<br>Southbury, CT 06488<br><br>*Plaintiff*<br><br>v.<br><br>**LITTLETON COIN COMPANY, INC.**<br>1309 Mount Eustis Road<br>Littleton, NH 03561<br><br>*Defendant* | Civil Case No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

**AND NOW** comes Plaintiff, Don Troiani ("Mr. Troiani"), by and through undersigned counsel, Bochetto & Lentz, P.C. ("B&L") and avers the following in support of his Complaint against the Defendant:

### I.   THE PARTIES

1. Plaintiff, Don Troiani is an adult individual residing at 464 Burr Road, Southbury, CT 06488.

2. Mr. Troiani is a nationally known military artist and historian who has painted his version of several historical scenes of the most dramatic moments of the American Revolutionary War.

3. Mr. Troiani earns his living selling his copyrighted artwork to museums, publishing companies and collectors. His paintings of military figures and dramatic, historical scenes are owned by or on display at the Smithsonian Institute, West Point Military Academy, US Army National Guard, Pentagon and National Park Service.

4. Defendant, Littleton Coin Company, Inc. ("Littleton Coin"), is a New Hampshire

corporation with its principal place of business located at 1309 Mt. Eustis Road, Littleton, NH 03561. Littleton Coin is selling, throughout the United States and in Pennsylvania, three American 250th Half Dollar coins bearing unauthorized infringing copies of Mr. Troiani's copyrighted artwork, including the coins marketed as :"Stand Your Ground – Lexington Green Mass," "Lexington Common, The 19th of April, 1775," and "Bunker Hill."

## II.     JURISDICTION AND VENUE

5. Jurisdiction is founded upon 28 U.S.C. 1400(a) in that Plaintiff is the owner of a valid copyright which has been infringed upon by the acts of Defendant herein.

6. Jurisdiction over this cause of action is also proper before this Court pursuant to 28 U.S.C. 1332(a)(1) and 1332(c) because Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

7. Plaintiff's non-federal causes of action are properly before this Court under the Supplemental Jurisdiction Act, 28 U.S.C. 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. 1391(b), in that, substantial acts of infringement giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

9. Venue is also proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. 1391(c), in that, Defendant has substantial business contacts with the Eastern District of Pennsylvania because Defendant has marketed infringing products here and have recently sold the infringing products here which unlawfully infringe Plaintiffs copyright and trademark rights as set forth more fully below.

### III.    THE FACTS

10. In December of 2025, Plaintiff discovered that that an unauthorized reproduction of his artwork was being advertised and sold on Defendant's website (www.littletoncoin.com) as part of Defendant's "America 250th Series" of half dollar coins. The coins offered for sale willfully infringed on Plaintiff's registered copyrights. (*See* photos of the infringing products from Defendant's website attached hereto as **Exhibit "A."**)

11. In that regard, the three commemorative coins: "America 250th Niue Half Dollar Lexington & Concord," "America 250th Niue Half Dollar Continental Army," and "America 250th Niue Half Dollar Battle of Bunker Hill" bear unauthorized reproductions of Mr. Troiani's paintings titled: "Stand Your Ground – Lexington Green Mass," "Lexington Common, The 19th of April, 1775," and "Bunker Hill." (*See* Mr. Troiani's artwork and his copyright registrations to said artwork, attached hereto as **Exhibit "B"** through **"G."**)

12. The artworks were reproduced without authorization by Defendant despite Mr. Troiani properly copyrighting each piece as set forth fully below and the Defendants knowledge that such paintings were created by Mr. Troiani and were protected by his copyright registrations.

A.   **"Stand Your Ground – Lexington Green Mass" Painting**

13. Mr. Troiani created a painting which he titled :"Stand Your Ground – Lexington Green Mass." Before publishing this work of art, Mr. Troiani placed his name, the date and a copyright notice at the bottom in accordance with his normal practice. (A copy of "Stand Your Ground – Lexington Green Mass" painting with the requisite copyright notice is attached hereto as **Exhibit "B"** and **"C."**)

14. On September 7, 2004, Mr. Troiani formally registered his copyright, titled as "Stand Your Ground – Lexington Green Mass" by delivering his application, a copy of the painting

and payment to the appropriate Copyright Registrar. (A copy of said Registration is attached hereto as **Exhibit "C."**)

      **B.**    <u>**"Lexington Common, The 19th of April, 1775" Painting**</u>

15.    Mr. Troiani created a painting which he titled "Lexington Common, The 19th of April, 1775". Before publishing this work of art, Mr. Troiani placed his name, the date and a copyright notice at the bottom in accordance with his normal practice. (A copy of "Lexington Common, The 19th of April, 1775" painting with the requisite copyright notice is attached hereto as **Exhibit "D"** and **"E".**)

16.    On November 9, 2010, Mr. Troiani formally registered his copyright, titled as "Lexington Common, The 19th of April, 1775" by delivering his application, a copy of the painting and payment to the appropriate Copyright Registrar. (A copy of said Registration is attached hereto as **Exhibit "E."**)

      **C.**    <u>**"Bunker Hill" Painting**</u>

17.    Mr. Troiani created a painting which he titled "Bunker Hill." Before publishing this work of art, Mr. Troiani placed his name, the date and a copyright notice at the bottom in accordance with his normal practice. (A copy of "Bunker Hill" painting with the requisite copyright notice is attached hereto as **Exhibit "F"** and **"G."**)

18.    On June 26, 2000, Mr. Troiani formally registered his copyright, titled as "Bunker Hill" by delivering his application, a copy of the painting and payment to the appropriate Copyright Registrar. (A copy of said Registration is attached hereto as **Exhibit "G."**)

      **D.**    <u>**Defendant Had Access to Plaintiff's Copyrighted Work**</u>.

19.    As mentioned previously, Mr. Troiani is a nationally known military artist and historian who has painted multiple well known historical scenes of the most dramatic moments of

the American Revolutionary War. These paintings of military figures and dramatic, historical scenes are owned by or on display at the Smithsonian Institute, West Point Military Academy, US Army National Guard, Pentagon and National Park Service. They are also widely displayed in many military and historical publications. Defendants were also aware that Mr. Troiani required an authorized license agreement from him to use any of his historical paintings for a commercial purpose.

20. As demonstrated by a comparison of Defendant's infringing products to Plaintiff's copyrighted work, Defendant had access to Plaintiff's paintings before reproducing them for the unauthorized sale of the infringing coins at issue.

E. **Defendants Willfully Infringe Plaintiff's Copyrighted Artwork**

21. Defendant recognized the advertising and marketing appeal as well as the significance of having Don Troiani's replicated artwork for sale and Defendants infringement and copying for a commercial purpose was willful.

22. Defendant advertised Mr. Troiani's pieces by placing unauthorized reproductions of them on coins through its website as part of its "America 250th Series."

23. Defendant has advertised and sold the infringing coins while Mr. Troiani has been paid nothing and did not authorize the use of his artwork to be placed for sale on Defendant's website.

24. Defendant's coins bearing reproductions of "Stand Your Ground – Lexington Green Mass," "Lexington Common, The 19th of April, 1775," and "Bunker Hill" are infringing on Plaintiff's copyrights. (A simple comparison of the infringing work attached as **Exhibit "A"** and the actual paintings attached as **Exhibit "B," "D," and "F"** demonstrates Defendant's obvious infringement.)

25. Defendant knowingly and willfully reproduced without independent creation Mr. Troiani's "Stand Your Ground – Lexington Green Mass," "Lexington Common, The 19th of April, 1775," and "Bunker Hill" paintings for the specific purpose of infringing Mr. Troiani's copyright and to enrich the Defendant.

26. Defendant did not receive authorization to reproduce Mr. Troiani's paintings on its coins or sell coins bearing reproductions of Mr. Troiani's artwork on its website.

27. Defendant knowingly and willfully reproduced Mr. Troiani's artwork without compensating Mr. Troiani for his creative works.

<u>**COUNT I**</u>
**PLAINTIFF TROIANI v. DEFENDANT LITTLETON COIN**
**(Copyright Infringement)**
**Request For Injunctive Relief**
<u>**Pursuant To 17 U.S.C. '502, *Et. Seq.***</u>

28. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein at length.

29. Defendant has willfully infringed on the copyrights owned by Plaintiff which covers the artworks known as the "Stand Your Ground – Lexington Green Mass," "Lexington Common, The 19th of April, 1775," and "Bunker Hill."

30. Defendant's infringement, use, sale and/or pirating of Plaintiff's copyrighted artworks has caused permanent and irreparable harm to Plaintiff's business reputation.

31. Unless an injunction is granted, barring Defendant from further distributing, marketing, selling, publishing, or otherwise promoting its infringing products, Plaintiff will suffer ongoing irreparable harm to his name, reputation and the exclusivity of his artworks.

32. Plaintiff does not have an adequate remedy at law.

33. Based upon the clear and willful violations in this case, and the unauthorized

reproduction of the works involved, Plaintiff has a substantial likelihood of success on the merits.

34. Greater harm will befall Plaintiff than Defendant if the injunctive relief herein is not granted.

**WHEREFORE**, Plaintiff, Mr. Troiani, respectfully requests this Honorable Court to enter an Order:

(a) restraining Defendant from promoting, selling, marketing, advertising, shipping, transporting (directly or indirectly) or otherwise moving in domestic or foreign commerce, any and all products which infringe upon Plaintiff's copyrighted works; and/or

(b) ordering Defendant to forfeit (and/or recall) all infringing coin sales, or related products and inventory which contains infringing material; and

(c) ordering Defendant to recall any and all of its catalogs, websites, books, posters or brochures which contain any works that infringe on Plaintiff's works; and

(d) providing such other relief as the Court deems just.

<u>**COUNT II**</u>
**PLAINTIFF TROIANI v. DEFENDANT LITTLETON COIN**
**(Copyright Infringement)**
**Request For Damages**
<u>**Pursuant To 17 U.S.C. '504 *Et. Seq.***</u>

35. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein at length.

36. At all times material hereto, Plaintiff's copyrighted artwork was distributed with the required copyright notices as required by 17 U.S.C. 504 *et. seq*.

37. Plaintiff registered his copyrights for each of the three paintings at issue by delivering his application, deposit material (consisting of a copy of his paintings) and required payment to the Copyright Registrar. ( see attached copyright registrations).

38. The artwork depicted on Defendant's coins are unauthorized reproductions of Mr. Troiani's original copyrighted paintings.

39. Defendant had no license or authority to prepare or use any form or derivative copy or depiction of Plaintiff's painting.

40. As set forth above, Defendant willfully and deliberately infringed upon Mr. Troiani's protected artwork on multiple occasions and should be required to pay $150,000 per willful infringement plus fees

41. Defendant has unlawfully earned substantial profits by using Plaintiff's artwork in the sale of unauthorized reproductions on its website.

42. Pursuant to 17 U.S.C. 504, Plaintiff is entitled to statutory damages.

43. In the alternative, Plaintiff is entitled to have Defendant disgorge all profits earned as a result of their infringement.

44. Pursuant to 17 U.S.C. 505, Plaintiff is also entitled to reasonable costs and attorney's fees in proceeding with this action.

**WHEREFORE**, Plaintiff, Mr. Troiani, requests judgment against Defendant for an amount in excess of $500,00, plus interest, costs, attorney's fees, and such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Trial by a Jury of twelve (12) persons is demanded as to all issues.

                                  Respectfully Submitted,

                                  **BOCHETTO & LENTZ. P.C.**

                                  */s/ Gavin P. Lentz*

Date: January 23, 2026               By: _____
                                  Gavin P. Lentz, Esquire
                                  Vincent van Laar, Esquire
                                  1524 Locust Street
                                  Philadelphia, PA 19102
                                  (215) 735-3900
                                  glentz@bochettoandlentz.com
                                  vvanlaar@bochettoandlentz.com
                                  *Attorneys for Plaintiff*